# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**TIMOTHY SHORT,**
**Claimant Below, Petitioner**

**FILED**
**August 6, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.)  No. 24-ICA-450**          (JCN: 2023009455)

**WEST VIRGINIA DIVISION OF NATURAL RESOURCES,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Timothy Short appeals the October 10, 2024, order of the Workers' Compensation Board of Review ("Board"). Respondent West Virginia Division of Natural Resources ("DNR") timely filed a response.[1] Mr. Short did not file a reply. The issues on appeal are whether the Board erred in (1) affirming the claim administrator's December 20, 2023, order which closed the claim for temporary total disability ("TTD") benefits, and (2) affirming the claim administrator's May 13, 2024, order, which denied a request for an EMG and a neurological consultation.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). Regarding the denial of the EMG and neurological consultation, after considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error.  For these reasons, a memorandum decision affirming, in part, the Board's order is appropriate under Rule 21(c) of the Rules of Appellate Procedure. As for the closure of the claim for TTD benefits, we find that the Board was clearly wrong in failing to consider the compensable conditions of L5-S1 lumbar disc herniation and L5-S1 radiculitis. Accordingly, this case satisfies the "limited circumstances" requirement of Rule 21(d) of the Rules of Appellate Procedure and a memorandum decision reversing the Board's order, in part, and remanding the case for consideration of these compensable diagnoses, is therefore appropriate.

Mr. Short was employed as a maintenance mechanic by Pipestem State Park/DNR. On November 1, 2022, Mr. Short completed an Employees' and Physicians' Report of Occupational Injury form, which indicated that he injured his back on October 27, 2022, when he was moving nine yards of concrete with a wheelbarrow while at work. The physician's portion of the form, which was completed by personnel at MedExpress, stated that Mr. Short strained his lower back as a result of an occupational injury, and that he was

---

[1] Mr. Short is represented by Gregory S. Prudich, Esq. DNR is represented by James W. Heslep, Esq.

capable of modified duty work. By order dated November 14, 2022, the claim administrator held the claim compensable for a low back strain.

On February 25, 2023, Mr. Short underwent an MRI of his lumbar spine without contrast. David Groten, M.D., interpreted the results of the MRI and indicated that he saw no evidence of an intervertebral disc protrusion or extrusion. Dr. Groten noted minimal intervertebral disc bulging in the mid to lower spine.

On May 17, 2023, Mr. Short was seen by Rajesh Patel, M.D., an orthopedic surgeon. Dr. Patel reviewed the x-rays and MRI of the lumbar spine. He diagnosed lumbar disc herniation at L5-S1 right side, small; lateral recess narrowing L5-S1 right side; lumbar sprain; thoracic sprain; cervical sprain; right L5-S1 radiculitis; lumbar disc desiccation; and lumbar facet sprain. Dr. Patel recommended epidural injections and a thoracic MRI. On the same date, Mr. Short underwent an x-ray of the lumbar spine, which revealed mild degenerative changes of the lumbar spine with no gross instabilities noted.

Mr. Short was deposed on June 1, 2023, and testified that he worked at Pipestem Resort State Park for eight years as a building maintenance mechanic. Mr. Short indicated that he was creating a concrete pad in the horse stalls when he hurt his back. He indicated that before the compensable injury he had no prior back injuries and no prior chronic back pain. Mr. Short stated that he participated in physical therapy following the injury, but it did not benefit him. Mr. Short indicated that the last day he worked was October 27, 2022.

On August 23, 2023, David Soulsby, M.D., an orthopedic surgeon, performed an independent medical evaluation ("IME") of Mr. Short. Mr. Short reported back pain radiating into his bilateral lower extremities. Dr. Soulsby assessed lumbar sprain/strain and multiple positive findings of nonorganic back pain. He opined that the MRI of the lumbar spine demonstrated age-related degenerative change in the lower lumbar region. Dr. Soulsby stated that there were no objective findings that correlated with Mr. Short's complaints of back pain. He opined that Mr. Short had reached maximum medical improvement ("MMI"). Dr. Soulsby placed Mr. Short in the light physical demand category and suggested a work hardening program and functional capacity evaluation. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993) and West Virginia Code of State Rules § 85-20, Dr. Soulsby found 8% impairment, of which he apportioned 4% to degenerative disease and 4% to the work injury.

Mr. Short was seen by Dr. Patel on September 11, 2023, and he reported severe lower back pain and right leg pain. Dr. Patel assessed lumbar disc herniation L5-S1 right side; lateral recess narrowing L5-S1 right side; lumbar sprain; thoracic sprain; cervical sprain; right L5-S1 radiculitis; lumbar disc desiccation; and lumbago. Dr. Patel opined that it was reasonable to try epidural injections again, as they might provide incremental relief.

Dr. Patel stated that if Mr. Short did not get relief from another epidural injection, he would recommend a repeat MRI of the lumbar spine with the possibility of surgical intervention.

On November 13, 2023, Bruce Guberman, M.D., performed an IME of Mr. Short, who reported constant pain in the lumbar region of the spine with bilateral lower extremity radicular symptoms. Dr. Guberman's impression was chronic posttraumatic musculoligamentous strain of the lumbar spine with signs and symptoms consistent with right-sided lumbar radiculopathy at the L5-S1 level with disc herniation. Dr. Guberman stated that no further treatment was being authorized, and placed Mr. Short at MMI.

On December 20, 2023, the claim administrator issued an order closing the claim for TTD benefits, on the basis that Mr. Short was placed at MMI by Dr. Soulsby. Mr. Short protested this order to the Board. On May 13, 2024, the claim administrator issued an order denying authorization for an EMG and a neurological consultation as requested by Dr. Patel. Mr. Short protested this order to the Board.

On March 1, 2024, Dr. Patel gave a deposition regarding Mr. Short's claim. Dr. Patel testified that he began treating Mr. Short on May 17, 2023, and that Mr. Short complained of low back and lower extremity pain related to an injury of October 27, 2022. Dr. Patel believed that Mr. Short had an irritation or impingement of the right S1 nerve. He testified that the MRI revealed desiccation of discs at L4-L5 and L5-S1 and a protrusion or small herniation at L5-S1 on the right side. Dr. Patel stated that the lateral recess narrowing at L5-S1 was due to the lumbar disc herniation impinging the space, and that Mr. Short's symptoms associated with the lumbar spine were more likely than not related to the compensable injury.

Mr. Short was deposed for a second time on May 22, 2024. He testified that prior to October 27, 2022, he had no medical issues regarding his neck, back, or legs. Further, Mr. Short indicated that when Dr. Patel performed the epidural steroid injection, it relieved his pain for about a week. Mr. Short described his back pain as stabbing and burning, with shooting pain down his right leg. He indicated that his neck pain comes and goes.

On October 10, 2024, the Board issued an order affirming (1) the claim administrator's December 20, 2023, order, which closed the claim for TTD benefits and (2) the claim administrator's May 13, 2024, order, which denied a request for authorization of an EMG and a neurological consultation.[2] It is from this order that Mr. Short now appeals.

---

[2] The Board's order also affirmed the claim administrator's August 15, 2023, order, which denied a request to include lateral recess narrowing cervical and thoracic as compensable components of the claim. Finally, the Board reversed the claim administrator's November 7, 2023, order, and authorized Dr. Patel's request for authorization of epidural injections at L5-S1 and right S1. Mr. Short's brief makes it clear

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;
> (4) Affected by other error of law;
> (5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
> (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, Mr. Short avers that the EMG and a neurological consultation should have been authorized by the Board as medically related and reasonably required treatment for the compensable injury. Mr. Short also argues that the Board was clearly wrong in relying on Dr. Soulsby's report to conclude that he was at maximum medical improvement, because Dr. Soulsby did not consider the disc herniation or radiculitis in rendering his opinion. Further, Mr. Short argues that he does not meet the definition of MMI due to his need for ongoing treatment, and he is thus entitled to TTD benefits.

Upon review, we agree with the Board's conclusion that the evidence does not establish that the request for an EMG and neurological consultation are medically related and reasonably required in the course of treatment for the compensable injury. The claim administrator must provide a claimant with medically related and reasonably necessary treatment for a compensable injury. *See* W. Va. Code § 23-4-3 (2005) and W. Va. Code R. § 85-20 (2006). Here, the record does not include Dr. Patel's request for an EMG and neurological consultation. The medical evidence of record fails to establish the medical necessity of the EMG and neurological consultation. Thus, we cannot conclude that the Board was clearly wrong in affirming the claim administrator's denial of these requests.

---

that his appeal is limited to the closure of TTD benefits and denial of the request for an EMG and neurological consultation.

4

However, we conclude that the Board was clearly wrong in finding that Mr. Short has reached his maximum degree of medical improvement, and that the claim was properly closed for TTD benefits. TTD benefits are not available once a claimant reaches MMI, is released to return to work, or returns to work. *See* W. Va. Code § 23-4-7a (2005). Here, the Board relied on Dr. Soulsby's report, which concluded that Mr. Short was at MMI for the compensable injuries. However, in the same order, the Board also authorized epidural injections right L5-S1 and right S1 as additional treatment for the compensable injury. This calls into question Dr. Soulsby's conclusion that Mr. Short was at MMI, as well as the Board's reliance on his report. There is medical evidence in the record that indicates Mr. Short continues to suffer from low back pain and right leg pain, and that he has a lesion that may require surgery. Dr. Guberman, who took into account Mr. Short's herniated disc at L5-S1, did not believe Mr. Short was at MMI if more treatment was authorized. Further, Dr. Patel testified that until a functional capacity evaluation was completed, he believed Mr. Short to be temporarily disabled from employment. Thus, we conclude that the weight of the evidence indicates that Mr. Short remains temporarily and totally disabled.

Likewise, we conclude that the Board was clearly wrong in failing to consider the compensable conditions of L5-S1 lumbar disc herniation and L5-S1 radiculitis in the claim. Notably, the Board referenced Dr. James Dauphin's report recommending that L5-S1 be accepted as compensable. Dr. Soulsby's report also failed to consider that the claim was compensable not only for lumbar sprain, but also for L5-S1 disc herniation and L5-S1 radiculitis. Thus, we remand this case for the Board to consider all of the compensable conditions in the claim.

Accordingly, we affirm the portion of the Board's October 10, 2024, order that affirmed the claim administrator's denial of the EMG and neurological consultation. However, we reverse the portion of the Board's order that affirmed the claim administrator's order closing the claim for TTD benefits and remand the case for the Board to consider in its analysis the compensable diagnoses of L5-S1 lumbar disc herniation and L5-S1 radiculitis.

Affirmed, in part, Reversed, in part, and Remanded.

**ISSUED:** August 6, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White